UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:                                                    Case No.: 11-29148-EPK

MAHAMMAD A. QURESHI,                                      Chapter 11

       Debtor.
_____/

**FIFTH THIRD BANK'S OBJECTION TO APPROVAL
OF DEBTOR'S AMENDED DISCLOSURE STATEMENT**

Fifth Third Bank ("Fifth Third") objects to approval of the Debtor's Amended Disclosure Statement (Doc. No. 260) ("Disclosure Statement") because it fails to fully disclose the Debtor's assets or income, and in support thereof, states as follows:

**BACKGROUND**

1.  The Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code ("Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of Florida, West Palm Beach Division, on July 10, 2011 ("Petition Date"). The Debtor is operating as a debtor in possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

2.  The Debtor's Schedule B (Doc. No. 80, pp. 5-6) reflects that the Debtor owns stock or interests in the following thirty-three (33) entities:

    a.    Cricket Council, USA, Inc.
    b.    Dania Investments, Inc.
    c.    HWY 80 Investments, Inc.
    d.    MAQ Financial Group, Inc.
    e.    MAQ Group Management, Inc.
    f.    MAQ Group, Inc.
    g.    MAQ Management, Inc.
    h.    MAQ Sports Complex, Inc.
    i.    Medical Technology, LLC

1

      j.      Q Research Services, Inc.
      k.     Qureshi Family Investments, LLC
      l.      Subco Beeline, Inc.
      m.    Super Stop #101, Inc.
      n.     Super Stop #162, Inc.
      o.     Super Stop #701, Inc.
      p.     Super Stop #802, Inc.
      q.     Super Stop A1A, Inc.
      r.      Super Stop Bradenton, Inc.
      s.     Super Stop Dania, Inc.
      t.      Super Stop Pensacola, Inc.
      u.     Super Stop Petroleum GA, Inc.
      v.     Super Stop Petroleum IV, Inc.
      w.    Super Stop Petroleum, Inc.
      x.     Super Stop Stores, Inc.
      y.     T20 Sports, LLC
      z.     United States Crickets Academy, Inc.
      aa.    Woodbridge Commerce Center Property Owner's Association, Inc.
      bb.    FreddyMaq, LLC
      cc.    GMAQ, LLC
      dd.    Petro America, LLC
      ee.    T20 Cricket Cruise, LLC
      ff.     T20 Energy Drink USA, LLC
      gg.    Zanesville Ohio, Inc.

Collectively, the above-listed entities are referred to herein as the "Qureshi Entities".

      3.     The Debtor's Schedules value the Debtor's interest in each of the Qureshi Entities in an "Unknown" amount, with the exception of Zanesville Ohio, Inc., which the Debtor values at $0.00. *Id.*

      4.     The Debtor did not claim the Debtor's interest in any of the Qureshi Entities as exempt. *See Id.* at 9.

      5.     On February 13, 2012, Fifth Third filed proofs of claim numbers 23, 24, 25, 26 and 27 (the "Fifth Third Claims") collectively asserting $4,060,477.29 in unsecured claims against the Debtor. The Fifth Third Claims were deemed timely filed pursuant to this Court's Order (Doc. No. 162) entered on March 26, 2012.

6. On September 21, 2012, the Debtor filed his disclosure statement and Chapter 11 plan. *See* Doc. Nos. 212, 213.

7. In addition to the U.S. Trustee's concerns regarding the disclosure statement, four creditors objected to the disclosure statement, asserting, among other things, that the Debtor's disclosure statement: (i) failed to adequately disclose the Debtor's assets or income; and (ii) failed to include a liquidation analysis. *See* Doc. Nos. 230, 232, 233 and 235.

8. After a hearing on November 15, 2012, this Court entered an order requiring the Debtor to file an amended disclosure statement on or before December 21, 2012. *See* Doc. No. 243. Thereafter, the Debtor filed a motion for an extension of time until February 21, 2013, to file the amended disclosure statement.

9. On February 21, 2013, the Debtor filed the Disclosure Statement. The most significant change to the eight (8) page Disclosure Statement is the inclusion of a liquidation analysis, which values the majority of Debtor's interests in the Qureshi Entities at a liquidation value of $0.00.

10. On March 5, 2013, the Debtor filed a Periodic Report Re: Value, Operations and Profitability of Entities in Which the Estate of the Debtor Holds a Substantial or Controlling Interest (Doc. No. 264) ("Entity Report"), which fails to include the information required by Rule 2015.3 of the Federal Rules of Bankruptcy Procedure, and consists of ninety-seven (97) pages of balance sheets, profit/loss statements and tax returns for some of the Qureshi Entities.

**RELIEF REQUESTED**

11. Fifth Third respectfully requests that the Court enter an order: (i) sustaining this Objection; (ii) denying approval of the Disclosure Statement; and (iii) granting all additional relief that is appropriate under the circumstances of this case.

**BASIS FOR REQUESTED RELIEF**

A.     **The Disclosure Statement does not contain adequate information.**

12.    Section 1125(b) of the Bankruptcy Code provides that a party cannot solicit votes for or against a chapter 11 plan unless the holder of a claim receives the plan or a summary of the plan and a written disclosure statement approved by the court as containing adequate information. *See* 11 U.S.C. § 1125(b). Adequate information is generally defined as information that would enable a hypothetical reasonable investor of the relevant class to make an informed judgment about the plan. *See* 11 U.S.C. § 1125(a)(1).

13.    The purpose of the disclosure requirements in Section 1125(b) is to allow creditors to cast an informed vote for or against a plan of reorganization. *In re M. Davis Management, Inc.*, 2011 WL3585821, *10 (Bankr. M.D. Fla. 2011). In determining whether a disclosure statement provides adequate disclosure, courts use a number of factors. *See Hall v. Vance*, 887 F.2d 1041, 1043 (10th Cir. 1989); *In re Metrocraft Pub. Services, Inc.*, 39 B.R. 567, 968 (Bankr. N.D. Ga. 1984) (listing "a description of the [debtor's] available assets and their value" as a factor to consider in evaluating the adequacy of a debtor's disclosure statement).

14.    The Debtor's Disclosure Statement fails to provide adequate information to creditors in at least two ways.

15.    First, the Disclosure Statement fails to provide adequate and usable information to creditors regarding the Debtor's income or the Qureshi Entities. The Disclosure Statement fails to set forth the entities from which the Debtor receives income, and the liquidation analysis - other than valuing the majority of the Debtor's interests in the Qureshi Entities at $0.00 - fails to

4

provide substantive information regarding the operations and income of the Qureshi Entities.[1] The Entity Report fails to include the information required by Rule 2015.3 of the Federal Rules of Bankruptcy Procedure, and accordingly fails to provide the practical information necessary for creditors to cast an informed vote regarding the Debtor's Amended Plan (Doc. No. 265) (the "Plan"). At a minimum, the Debtor should be required to explain where his income originates from and provide an understandable summary of the income and operations of the Qureshi Entities.

16. Second, the Disclosure Statement appears to underestimate unsecured claims against the Debtor, thereby overestimating the unsecured creditors' *pro rata* recovery. The claims register reflects that Branch Banking & Trust Company filed an unsecured claim against the Debtor for over $40 million dollars, and in total, over $65 million dollars in unsecured claims have been filed against the Debtor. *See* Claims Register. But the Debtor's Disclosure Statement indicates that there are only approximately $30 million dollars in unsecured claims against the Debtor. *See* Disclosure Statement, pg. 4. Creditors relying on the Debtor's estimation could vote for the Plan believing the Plan provides for a 1% distribution to unsecured creditors, when in fact it provides for less than a 0.5% distribution.

**B.     The Plan is unconfirmable on its face if any unsecured creditor objects to confirmation.**

17. The Disclosure Statement should not be approved because, to the extent any unsecured creditor of the Debtor objects to confirmation, the Plan is unconfirmable on its face. Section 1129(a)(15) requires that, if an unsecured creditors objects to confirmation of an

---

[1] The Entity Report reflects that seven of the Qureshi Entities listed on the liquidation analysis as having no value to creditors have assets in excess of their liabilities. *See* Balance Sheets for Q Research Services, Inc.; Super Stop #802, Inc.; Super Stop Bradenton, Inc.; Super Stop Pensacola, Inc.; Super Stop Petroleum, Inc.; Super Stop Stores, Inc; and T20 Sports, LLC.

individual chapter 11 debtor plan, the debtor must (i) pay all unsecured claims in full, or (ii) devote an amount equal to five years' worth of the debtor's projected disposable income to the plan. *See 7 Collier on Bankruptcy* § 1129.02[15] (stating that Section 1129(a)(15) requires that debtor devote "'five years' worth of the debtor's projected disposable income to unsecured creditors.")

18. In this case, the Plan provides that unsecured creditors will share *pro rata* in monthly payments of $5,000 for a period of five years. *See* Plan at pg. 11. Yet the Debtor's financial projections reflect that after paying reasonable living expenses and all proposed Plan payments, the Debtor will have a total of $153,083 in excess disposable income (the "Disposable Income") over the life of the Plan. *See* Doc. No. 265, Exhibit "A." Because Section 1129(a)(15) prohibits this result if an unsecured creditor objects, the Debtor's plan will likely be unconfirmable on its face unless it is amended to provide that the Disposable Income is paid into the Plan. Accordingly, the Debtor should be required to amend the Plan and Disclosure Statement now, rather than soliciting votes for a Plan that will likely be rendered unconfirmable.

C. **To the extent unsecured creditors do not vote to accept the Plan, the Plan is unconfirmable because it violates the absolute priority rule.**

19. A clear majority of Courts have found that the absolute priority rule continues to apply to individual chapter 11 debtors because the BAPCPA amendments to the Bankruptcy Code did not impliedly repeal the longstanding absolute priority rule as it relates to individual chapter 11 debtors. *See In re Stevens*, 704 F.3d 1279, 1286-87 (10th Cir. 2013); *In re Maharaj*, 681 F.3d 558, 575 (4th Cir. 2012); *In re Gelin*, 437 B.R. 435, 442-43 (Bankr. M.D. Fla. 2010). However, the Debtor's Disclosure Statement states that the Debtor "assumes" that "the absolute priority rule does not apply to an individual chapter 11 case." *See* Disclosure Statement, pg. 4. Fifth Third believes this to be an incorrect assessment of the law, and intends to object to any

effort by the Debtor to cramdown unsecured creditors while retaining his ownership of non-exempt property and failing to pay unsecured creditors in full. *See* 11 U.S.C. § 1129(b)(2)(B)(ii).

20. For the reasons set forth above, the Disclosure Statement fails to provide creditors with adequate information to cast an informed vote for or against the Debtor's Plan and should not be approved.

WHEREFORE, Fifth Third respectfully requests that the Court enter an order: (i) sustaining this Objection; (ii) denying approval of the Debtor's Disclosure Statement; and (iii) granting all additional relief that is appropriate under the circumstances.

Respectfully submitted this 4th day of April, 2013.

**I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualification to practice in this Court set forth in Local Rule 2090-1(A).**

*/s/ Andrew Layden*
Andrew V. Layden, Esq.
Florida Bar No.: 86070
BAKER & HOSTETLER LLP
200 S. Orange Ave.
SunTrust Center, Suite 2300
Orlando, FL 32801-3432
Telephone: (407) 649-4000
Facsimile: (407) 841-0168
Email: alayden@bakerlaw.com
*Attorneys for Fifth Third Bank*

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on April 4, 2013, a true and correct copy of the FIFTH THIRD BANK'S OBJECTION TO APPROVAL OF DEBTOR'S AMENDED DISCLOSURE STATEMENT, has been furnished via electronic transmission using the Court's CM/ECF System to all parties requesting such notice, and / or by U.S. First Class postage prepaid mail to the following: Mahammad A. Qureshi, 21579 Cartegena Drive, Boca Raton, Florida 33428; Adam D. Marshall, Esq., 197 S Federal Highway, #300, Boca Raton, Florida 33432; Joe M. Grant, Esq., 197 S. Federal Highway, #300, Boca Raton, Florida 33432; U.S. Trustee, Office of the US Trustee, 51 S.W. 1st Ave., Suite 1204, Miami, Florida 33130; and Heidi A Feinman, Office of the US Trustee, 51 SW 1 Ave., #1204, Miami, Florida 33130.

                                                    */s/ Andrew Layden*_____
                                                    Andrew V. Layden, Esq.