## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
### www.flsb.uscourts.gov

In re:

MAHAMMAD QURESHI.                              Case No. 11-29148-EPK
                                                Chapter 11

       Debtor.

_____/

### DEBTOR'S RESPONSE IN OPPOSITION TO OBJECTIONS TO CONFIRMATION

       Mahammad Qureshi (the "Debtor"), by and through undersigned counsel, hereby responds to the objections to confirmation to his second amended plan of reorganization and states:

### BACKGROUND

       1.      On July 10, 2011, the Debtor filed a voluntary petition under chapter 11 of title 11 of the United States Code.

       2.      On April 26, 2013, the Debtor filed his second amended disclosure statement (the "Disclosure Statement"). [ECF No. 286].

       3.      On April 27, 2013, the Debtor filed his second amended plan of reorganization (the "Plan"). [ECF No. 287].

       4.      On June 3, 2013, after notice and a hearing, the Court approved the Disclosure Statement. [ECF No. 301].

       5.      The deadline to return ballots was July 4, 2013.

       6.      Pursuant to the Plan, claims in Class 1 are unimpaired.

       7.      Pursuant to the Plan, the Class 2 claimant is impaired. The sole Class 2 creditor voted in favor of the Plan. Thus, Class 2, an impaired class, has voted to accept the Plan.

8.      Pursuant to the Plan, Class 3 is impaired. While 69% of the value of the voting Class 3 claims voted in favor of the Plan, only 13% of the voting claims voted in favor of the Plan. Thus Class 3 has not voted to accept the Plan.

9.      On July 6, 2013, the Debtor filed a motion for cramdown. [ECF No. 318].

10.     On July 8, 2013, two creditors, First Southern Bank and TM Debt Acquisition, LLC each filed objections to the confirmation of the Plan. [ECF Nos. 322 & 324] (the "Objections").

11.     The primary issues raised by the Objections are as follows:

(i)      Allegations that the Plan is unconfirmable because it does not devote five years' worth of projected disposable income to the plan

(ii)     Allegations that the Plan violates the absolute priority rule

(iii)    Allegations of bad faith due to non-avoidance of an allegedly fraudulent transfer by GMAQ LLC to BNK Real Estate LLC

(iv)     Allegations that GMAQ LLC is undervalued because the liquidation analysis does not take any chapter 5 actions into account

## ANALYSIS

### A.  The Plan does devote five years of disposable income

12.     At the hearing on the approval of the Disclosure Statement, the Court considered and approved the Debtor's projected disposable income. The projection is exactly that – a projection. The Debtor derives his income from management fees which vary with changes in the economy, the real estate market, and other market forces. A review of the Monthly Operating Reports in this case indicates that while the Debtor's month-to-month income is not the same every month, on average it is approximates the amount listed in the income projections.

2

Furthermore, the Debtor assumes that his projected disposable income will increase over time, committing him to pay unsecured creditors even more, despite the fact that his projected plan payments far exceed the liquidation value approved by the Court.

**B. The Plan does not violate the absolute priority rule**

13.    The relevant part of the absolute priority rule provides that a "cramdown" is permissible only if "the holder of any claim or interest that is junior to the claims of such class will not receive or retain under the plan on account of such junior claim or interest any property, *except that in a case in which the debtor is an individual, the debtor may retain property included in the estate under section 1115, subject to the requirements of subsection (a)(14) of this section.*" 11 U.S.C. § 1129(b)(2)(B)(ii) (emphasis added).

14.    This language is unambiguous; the absolute priority rule does not apply to individual cases. *SPCP GROUP, LLC v. Biggins*, 465 B.R. 316, 322 (M.D.Fla. 2011). In fact, this Court has said the same on the record in this very case. In *Biggins,* the court concluded that "property of the estate for purposes of Section 1115 includes property and earnings acquired both before and after the commencement of the bankruptcy case." *Id.* at 322. The court held that "the meaning of these statutes is clear, and therefore, the Court's inquiry stops [t]here." *Id.* at 323-24. Here, this Court should adopt the same analysis, hold that the absolute priority rule does not apply to an individual case, and allow for the confirmation of a fair, equitable and nondiscriminatory plan over a dissenting class of creditors.

**C. The Debtor has no power to avoid the alleged fraudulent transfers from GMAQ to BNK**

15.    The Debtor admits that GMAQ LLC, an entity 50% owned by the Debtor transferred a note and mortgage to BNK Real Estate LLC, an entity owned by the Debtor's sister, prior to the Petition Date. The Debtor disputes that the transfer was fraudulent, as the mortgagor

3

has vigorously contested the foreclosure, and BNK advanced costs and taxes to preserve the value of the note and mortgage.

16.    In any case, whether or not the transfer was fraudulent, neither the Debtor nor GMAQ LLC has any power to avoid the transfer. GMAQ LLC is not a debtor in bankruptcy. Thus, the section 548 power for a trustee to avoid a fraudulent transfer does not extend to GMAQ LLC. As such, the only avoidance powers as to the transfer flow from state law avoidance powers, not from chapter 5 of the Bankruptcy Code.

17.    While chapter 5 permits a "trustee" (i.e. the transferor) to avoid a fraudulent transfer, most state law regimes, including Florida, do not give standing to a *transferor* to pursue such claims. F.S. § 726.108. Instead, only a <u>creditor</u> may avoid such a transfer. *Id.* The Debtor is not a "trustee" as to GMAQ LLC; he is not a creditor of GMAQ LLC. GMAQ LLC is not a "trustee" *vis a vis* itself, until and unless it files a bankruptcy petition, and it is certainly not a creditor of itself for state law purposes.

18.    Thus, neither state law nor the Bankruptcy Code permit GMAQ LLC, the Debtor , or any entity he controls to avoid the transfer. Thus, the failure to avoid the transfer cannot be in bad faith.

### D. The Debtor's Interest in GMAQ LLC is not undervalued

19.    Similarly, the Objections assert that GMAQ LLC is undervalued, as the liquidation value of the Debtor's membership interest does not include the value of the avoidable transfers.

20.    As discussed above, the fraudulent transfer cannot be avoided by the Debtor and GMAQ LLC. Furthermore, even if it could be avoided, the Estate cannot recover any of the assets of GMAQ LLC unless it first pays the creditors of GMAQ LLC. GMAQ LLC has at least

one creditor, George Bavelis, an affiliate of TM Debt Acquisition LLC, who asserts he is a creditor of GMAQ LLC in an amount in excess of $900,000.00.

21.     Thus, the Debtor's valuation of GMAQ LLC at zero is accurate as a matter of law, and this Court should overrule the Objections as to its undervaluation in the liquidation analysis. In fact, even if the valuation were nonzero, the plan would still be confirmable because the plan pays more than $100,000.00 more to unsecured creditors than a liquidation would provide. So long as the value of the Debtor's 50% share is less than that amount, the Plan would still be confirmable.

**E.  Conclusion.**

22.     For the reasons set forth in this response, the objections should be overruled as a matter of law. The Debtor's Plan comports with the code, is filed in good faith, and is confirmable on its face. As such, the Debtor requests that the Plan be confirmed.

WHEREFORE Debtor moves that this Court overrule the Objections, confirm the Plan and enter such other and further relief as is just and appropriate.

Respectfully submitted,

**MARSHALL SOCARRAS GRANT, P.L.**
Counsel for the Debtor and Debtor in Possession
197 South Federal Highway, Suite 300
Boca Raton, Florida  33432
Telephone No. 561.672.7580
Facsimile No. 561.672.7581
Email:  lpecan@marshallgrant.com


By:   /s/ Lawrence E. Pecan
        LAWRENCE E. PECAN
        Florida Bar No. 99086
        JOE M. GRANT
        Florida Bar No. 137758
        ADAM D. MARSHALL
        Florida Bar No. 579823

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 10th day of July, 2013, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.


/s/ Lawrence E. Pecan
LAWRENCE E. PECAN


## SERVICE LIST

### SERVED VIA CM/ECF NOTICE

Becket and Lee LLP, Esq on behalf of Creditor American Express Bank FSB

notices@becket-lee.com

Becket and Lee LLP, Esq on behalf of Creditor American Express Centurion Bank

notices@becket-lee.com

Bruce E Bloch, Esq on behalf of Creditor 1st National Bank of South Florida

general@sblawfirmfl.com, bbloch@sblawfirmfl.com

Franck D Chantayan on behalf of Creditor George Bavelis

franck@chantayan.com

Robert P. Charbonneau, Esq. on behalf of Creditor Capital Bank, N.A.

rpc@ecccounsel.com,

nsocorro@ecclegal.com;ecala@ecclegal.com;bankruptcy@ecclegal.com;jbetancourt@ecclegal.c

om;parboleda@ecclegal.com

Kevin A Comer on behalf of Creditor Nationstar Mortgage

bkfiling@consuegralaw.com

Kevin A Comer on behalf of Creditor Nationstar Mortgage, LLC

bkfiling@consuegralaw.com

Bertis A Echols on behalf of Creditor Mercedes-Benz Financial Services USA, LLC

bechols@evanspetree.com, belvert@evanspetree.com

Bertis A Echols on behalf of Creditor Mercedes-Benz Financial Svcs USA LLC

bechols@evanspetree.com, belvert@evanspetree.com

Heidi A Feinman on behalf of U.S. Trustee Office of the US Trustee

Heidi.A.Feinman@usdoj.gov

Larry M Foyle, Esq on behalf of Creditor SunTrust Mortgage, Inc.

bankruptcynotices@kasslaw.com

Michelle Garcia Gilbert on behalf of Creditor OneWest Bank, FSB

mgilbert@gilbertgrouplaw.com, tbaron@gilbertgroupLaw.com;clawson@gilbertgrouplaw.com

Joe M. Grant, Esq. on behalf of Debtor Mahammad A. Qureshi

jgrant@msglaw.com, efile@msglaw.com;mg197ecfbox@gmail.com

Nicole M Grimal on behalf of Creditor Capital Bank, N.A.

ng@ecclegal.com,

nsocorro@ecclegal.com;bankruptcy@ecclegal.com;ecala@ecclegal.com;jbetancourt@ecclegal.c

om;parboleda@ecclegal.com

Aaron P. Honaker, Esq. on behalf of Creditor First Southern Bank

honaker@salazarjackson.com, lee-sin@salazarjackson.com

Mychal J Katz on behalf of Creditor Fifth Third Bank

mkatz@ralaw.com

Carol A. Lawson on behalf of Creditor OneWest Bank, FSB

calh@gate.net

Andrew V Layden on behalf of Creditor Fifth Third Bank

alayden@bakerlaw.com, OrlBakerDocket@bakerlaw.com;jdriggers@bakerlaw.com

Joe M Lozano, Esq on behalf of Creditor Nationstar Mortgage

notice@bvwlaw.com

Nicole M Mariani on behalf of Creditor SunTrust Mortgage, Inc.

bankruptcynotices@kasslaw.com

Adam D. Marshall, Esq. on behalf of Debtor Mahammad A. Qureshi

AMarshall@MarshallGrant.com, efile@marshallgrant.com;mg197ecfbox@gmail.com

Kathleen S McLeroy, Esq on behalf of Creditor Giant Oil, Inc.

kmcleroy@carltonfields.com, nkapadia@carltonfields.com;tpaecf@cfdom.net

Office of the US Trustee

USTPRegion21.MM.ECF@usdoj.gov

Lawrence E Pecan on behalf of Debtor Mahammad A. Qureshi

lpecan@marshallgrant.com, efile@marshallgrant.com;mg197ecfbox@gmail.com

Kevin A Reck, Esq on behalf of Creditor Branch Banking & Trust Company

kreck@foley.com, khall@foley.com

Luis Salazar, Esq. on behalf of Creditor First Southern Bank

salazar@salazarjackson.com, jackson@salazarjackson.com;aguilar@salazarjackson.com;Lee-Sin@SalazarJackson.com

Michael J Scaglione on behalf of Interested Party Nemesis of L.I. Corp

mscaglione@sqblaw.com, christina@sqlaw.com

Richard B. Storfer, Esq. on behalf of Creditor TM Debt Acquisition, LLC

rstorfer@rprslaw.com

Marta Suarez-Murias on behalf of Creditor First State Bank of Arcadia

msuarez-murias@blesmlaw.com, sweser@blesmlaw.com

Marta Suarez-Murias on behalf of Creditor Wauchula State Bank

msuarez-murias@blesmlaw.com, sweser@blesmlaw.com

Mark J Wolfson, Esq on behalf of Creditor Fifth Third Bank

mwolfson@foley.com, jhayes@foley.com;KCavanaugh@foley.com

Brian P Yates on behalf of Creditor 1st National Bank of South Florida

general@sblawfirmfl.com, mmanganelly@gsarlaw.com

George L. Zinkler on behalf of Creditor TM Debt Acquisition, LLC

gzinkler.ecf@rprslaw.com