UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WWW.FLSB.USCOURTS.GOV

IN RE                                             CASE NO. 11-29148-BKC-EPK

MAHAMMAD A. QURESHI,                              CHAPTER 11

   DEBTOR.
_____/

**FIRST SOUTHERN BANK'S MOTION (I) TO APPOINT
CHAPTER 11 TRUSTEE PURSUANT TO 11 U.S.C. §1104(A);
OR, IN THE ALERNATIVE, (II) TO CONVERT DEBTOR'S
CASE TO CHAPTER 7 PURSANT TO 11 U.S.C. § 1112(B)**

First Southern Bank (**"First Southern"**) files this Motion (i) to appoint a chapter 11 trustee pursuant to Bankruptcy Code Section 1104(a); or, in the alternative for conversion of the Debtor, Mahammad A. Qureshi's (**"Qureshi"**) chapter 11 case to a case under chapter 7 pursuant to Bankruptcy Code Section 1112(b), and in support states:

**PRELIMINARY STATEMENT**

1. In the **29** months since Qureshi filed this chapter 11 case, he has squandered every opportunity to reorganize and instead continues to play a game of "hide the ball" from his creditors. As this Court noted in denying Qureshi's Second Amended Plan (the **"Plan"**): "this bankruptcy was filed … in a focused attempt to deny creditors access to value they otherwise would have had in partial satisfaction of their claim.**"**

2. It follows that the immediate appointment of a chapter 11 trustee is necessary to protect the interests of Qureshi's creditors in this case. The significant nature of the relief requested herein is justified by the substantial and manifest conflicts of interest between Qureshi and his entities, the numerous instances of bad faith, and his flagrant and repeated refusal to disclose and pursue valuable causes of action that belong to his estate. Not surprisingly given the

conflicts of interest, Qureshi has pursued a strategy in this chapter 11 case that advances his own self-interests, not the interests of his creditors.

3. Further, the long history of pervasive self-dealing and mismanagement by Qureshi further supports appointment of a chapter 11 trustee or, in the alternative the conversion of this case to a chapter 7 case. That history was detailed in this Court's November 14, 2013 oral ruling denying confirmation of the Plan. Because of Qureshi's inability to confirm a plan and to discharge his fiduciary duties, his direct conflicts of interest, and his history of self-dealing, appointment of a chapter 11 trustee to commence and monetize the causes of action and other valuable interests that belong to his estate in this bankruptcy case is necessary to protect the interests of his creditors and stakeholders.

## BACKGROUND

4. The background of this case is well-known to the Court at this juncture and, for the sake of brevity is omitted here. First Southern hereby adopts and incorporates the background section set forth in the *Motion of TM Debt Acquisition, LLC for Appointment of Chapter 11 Trustee, or, Alternatively, Motion to Convert Case* (ECF No. 359) (the **"TM Debt Motion"**).

## LEGAL ARGUMENT

I. APPOINTMENT OF A CHAPTER 11 TRUSTEE IS NECESSARY

A. **Legal Standard**

5. Bankruptcy Code Section 1104(a)(1) provides for the appointment of a trustee in a Chapter 11 case:

> At any time after the commencement of the case but before confirmation of the plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of a trustee –

> (1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case or similar cause, but not including the number of holders of securities of the debtor or the amount of assets of liabilities of the debtor;
>
> (2) if such appointment is in the interests of creditors, any equity security holdeers, and other interests of the estate, without regard to the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor. .

11 U.S.C. § 1104(a).

6. Subsection (a)(1) **mandates** appointment of a trustee for cause, and provides a nonexhaustive list of conduct warranting such appointment. *See, In re SunCruz Casinos, LLC*, 298 B.R. 821, 828 (Bankr. S.D.Fla. 2003). Additional factors affecting a court's decision to appoint a trustee include:

> (a) Materiality of the misconduct;
>
> (b) Evenhandedness, or lack of same, in dealings with insiders or affiliated entities vis-a-vis other creditors or customers;
>
> (c) The existence of pre-petition voidable preferences or fraudulent transfers;
>
> (d) Unwillingness or inability of management to pursue estate causes of action;
>
> (d) Conflicts of interest on the part of management interfering with its ability to fulfill fiduciary duties to the debtor; and
>
> (e) Self-dealings by management or waste or squandering of corporate assets.

*In re Intercat, Inc.* 247 B.R. 911, 921 (Bankr. S.D. Ga. 2000); *SunCruz Casinos, LLC*, 298 B.R. at 830.

7. Whether there are sufficient grounds for appointment of a trustee under Section 1104(a) is a matter for the Court's discretion. *See, In re American*

*Preferred Prescription, Inc.*, 250 B.R. 11, 15-18 (E.D.N.Y. 2000) (explaining when a trustee may be appointed under Section 1104(a) of the Bankruptcy Code); *In re Anchorage Boat Sales, Inc.*, 4 B.R. 635, 644 (Bankr. E.D.N.Y. 1980) (same).

8. As set forth herein, the factors for the appointment of a chapter 11 trustee are satisfied in this case.

**B. Cause Exists for the Appointment of a Chapter 11 Trustee Pursuant to Section 1104(a)(1)**

9. Section 1104(a)(1) provides for the appointment of a trustee where there is fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor, either before or after the commencement of the case, or for "similar cause." 11 U.S.C. § 1104(a). In this case, as noted by the Court during its November 14, 2013 oral ruling, there are numerous acts taken by Qureshi, *vis-à-vis* GMAQ and Flovest, *inter alia*, amounting to fraud, dishonesty, incompetence, and gross mismanagement. For instance:

> (1) "Based on the evidence submitted here, the Court finds that the evidence proves exactly the opposite [plan was proposed in good faith], that this bankruptcy was filed, and the present plan, as amended, presented in a focused attempt to deny creditors access to value they otherwise would have had in partial satisfaction of their claims…"

See Transcript from November 14, 2013 oral ruling attached to the TM Debt Motion as Exhibit "A," pp. 19:23-25, 20:1-4.

> And further (2) "Mr. Qureshi does not offer to pursue the value of his interest in GMAQ. He does not pledge to take any particular action to cause GMAQ to realize on its assets and claims. In fact, he does not pledge to do anything at all."

Id. at p.16: 20-24.

> The evidence shows that Mr. Qureshi caused GMAQ, and likely other entities, to enter into transactions designed to leave Mr. Qureshi's creditors with access to a



smaller universe of assets from which to recover. In particular, the transfer of the Evergreen loan to BNK, an entity for the benefit of Mr. Qureshi's family members, for no consideration, exhibits a lack of good faith. The debtor's transactions involving Flovest are similarly suspicious. And then he brought that smaller universe of assets into this case offering a relative pittance to his unsecured creditors. Mr .Qureshi has not met his burden in proving that his plan is proposed in good faith as required by Section 1129(a)(3). Based on the evidence submitted here, the Court finds that the evidence proves exactly the opposite, that this bankruptcy was filed, and the present plan, as amended, presented in a focused attempt to deny creditors access to value they otherwise would have had in partial satisfaction of their claims.

Id. at pp. 19:8-25, 20:1-4.

10. Here, as noted in the TM Debt Motion, Qureshi simply cannot propose a confirmable plan until he unwinds the bad faith filings and puts the value of those transfers into his estate for the benefit of his creditors.

11. In addition, many of the *Intercat* factors are present here, further justifying the need for the appointment of a chapter 11 trustee. The Court's findings in denying confirmation of Qureshi's Plan could not be more clear: Qureshi has consistently exhibited a lack of good faith, placed valuable assets out of reach of his creditors, and woefully failed to pursue causes of action or claims that would bring significant value to the estate and Qureshi's creditors.

12. Qureshi's failure to discharge his fiduciary duties has resulted in substantial and unnecessary loss of assets and value for the benefit of his creditors. Unless a chapter 11 trustee is appointed, Qureshi has absolutely no capacity or intention of unwinding or pursuing these assets. A true fiduciary would, at a minimum, take appropriate measures to diligently analyze, pursue and monetize these valuable estate assets. For these reasons alone, the appointment of a chapter 11 trustee is both necessary and warranted.

    **C.**    **Cause Exists for the Appointment of a Chapter 11 Trustee Pursuant to Section 1104(a)(2) Because a Chapter 11 Trustee Will be Able to Recover and Preserve Assets of Qureshi and Provide Payment to Creditors**

13.    Section 1104(a)(2) provides for the appointment of a trustee "if such appointment is in the interests of creditors." 11 U.S.C. § 1104(a)(2). Appointing a chapter 11 trustee would provide a true fiduciary to the bankruptcy estate. A true fiduciary is necessary to recover and preserve Qureshi's claims, causes of action, and other assets, and to provide payment to creditors. Specifically, a trustee would be authorized to assert and maintain causes of action and pursue other claims that will enable the estate to realize significant value on account of Qurehsi's interests in GMAQ and Flovest.

14.    Qureshi is not the proper fiduciary to address the improprieties that concerned this Court in denying confirmation. He will not pursue or recover fraudulent transfers. To the contrary, Qureshi has demonstrated that he will take any and all measures within his power to frustrate his creditors. These reasons, coupled with the facts set forth above and this Court's findings at the November 14, 2013 oral ruling warrant and mandate the appointment of a chapter 11 trustee pursuant to Section 1104(a)(2), even in the event that the Court finds that "cause" does not exist under Section 1104(a)(1).

**II.**    **THE CHAPTER 11 CASE SHOULD BE CONVERTED TO A CHAPTER 7 CASE**

15.    Bankruptcy Code Section 1112(b)(1) provides that "the court **shall** convert a case under [chapter 11] to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate," upon the motion of a party in interest, if the movant establishes cause. 11 U.S.C. §§ 1112(b)(1) (emphasis added). Section 1112(b)(4) sets forth sixteen events that constitute "cause." Thus, where cause is shown, the Court shall convert a chapter 11 case to a chapter 7 case upon the request of a party in interest absent "unusual circumstances."

16. The 2005 amendments to Section 1112(b) reduced the bankruptcy courts' discretion to convert or dismiss a chapter 11 case by changing "may" to "shall." If cause for conversion or dismissal exists, discretion is limited to those instances in which the court makes specific findings that unusual circumstances "establish that the requested conversion or dismissal is not in the best interests of the creditors and the estate." *In re Broad Creek Edgewater, LP*, 371 B.R. 752, 759 (Bankr. D.S.C. 2007) (involuntary Chapter 7 debtor could not convert its case to one under Chapter 11 because cause existed for conversion or dismissal of the proposed Chapter 11 case); *see also In re Gateway Access Solutions, Inc.*, 374 B.R. 556, 560 (Bankr. M.D. Pa. 2007) (noting the statutory language change "from permissive to mandatory" and finding cause existed to convert the debtor's cases where the estate was diminishing rapidly at the expense of creditors while the case lingered in Chapter 11).

17. Therefore, upon a showing of cause, the Court must convert Qureshi's chapter 11 case to a chapter 7 case "absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate." 11 U.S.C. § 1112(b)(l).

18. As discussed in detail above with respect to the appointment of a chapter 11 trustee, "cause" exists here to convert this chapter 11 cases to a chapter 7 for many reasons and is in the best interests of Qureshi's estate.

### A. Chapter 7 is in the Best Interests of Qureshi's Creditors

19. This Court denied confirmation of Qureshi's Plan because, *inter alia*, his unsecured creditors would not receive at least as much as they would receive in a chapter 7 due, in large part to the fact that Qureshi placed his significantly valuable interests in GMAQ, LLC and Flovest, LLC out of reach of his creditors to retain that value for his own personal benefit.

20. In denying confirmation, the Court noted that Qureshi caused the transfer of numerous valuable assets owned by the GMAQ and Flovest entities to non-debtor individuals and/or entities for the sole purpose of placing those assets out of his creditors' reach. The Court further noted that these significant assets should be pursued by Qureshi for the benefit of his creditors.

21. In other words, there are numerous and significant causes of action that will realize significant value for Qureshi's creditors and estate. These causes of action must be commenced and monetized. To the extent those causes of action are successful and permit distributions to creditors, distributions would need to be made to creditors.

22. Each of these tasks and items fall squarely and uniquely in the purview of a chapter 7 trustee. Indeed, those tasks are some of the very duties of a chapter 7 trustee that are identified in Section 704. See 11 U.S.C. §§ 704(a)(1) (collect and reduce to money property of the estate [i.e., causes of action] and close the estate as expeditiously as possible); 704(a)(4) (investigate financial affairs of debtor). Chapter 7 trustees undertake these tasks every day, quite capably.

23. The "primary purpose" of a Chapter 7 trustee is "to collect, liquidate and distribute estate property thereby closing the 'estate as expeditiously as is compatible with the best interests of the parties.'" *In re Bell*, 225 F.3d 203, 221-22 (2d Cir. 2000). A chapter 7 trustee could also pursue various causes of action on behalf of the estate. *In re Loop Corp.*, 379 F.3d 511, 518 (8th Cir. 2004).

24. There would be no degradation in value to the estate from conversion to chapter 7. Any chapter 7 trustee that is appointed will have a duty to investigate and prosecute all causes of action it believes will maximize value for the stakeholders of the estate. 11 U.S.C. § 704(a)(4). The chapter 7 trustee will owe a fiduciary duty to the estates and will satisfy that duty by seeking to maximize recoveries. No valid, surviving causes of action will be lost. Moreover,

chapter 7 trustees are uniquely qualified to commence litigation. They aggressively do so all the time and it is one of their primary functions.

25. It is in the best interest of Qureshi's creditors to convert this case to one under chapter 7 and to appoint a chapter 7 trustee to liquidate Qureshi's remaining assets and interests in the GMAQ and Flovest entities and to pursue any outstanding claims and causes of action associated therewith.

26. The grounds set forth above constituting "cause" for the appointment of a chapter 11 trustee also serve as bases for "cause" to convert this case to a chapter 7 case pursuant to Section 112(b).

WHEREFORE, First Southern Bank respectfully request that this Court (i) appoint a chapter 11 trustee pursuant to Section 1104(a)(1) or (a)(2); or, alternatively (ii) convert this case to a case under chapter 7, and (iii) grant such other and further relief as this Court deems just and proper.

Dated: December 10, 2013.

                                  Respectfully submitted,

                                  SALAZAR JACKSON, LLP
*Counsel for First Southern Bank*
Two South Biscayne Boulevard, Suite 3760
Miami, FL 33131
Telephone: (305) 374-4848
Facsimile: (305) 397-1021
Email: Salazar@SalazarJackson.com
Email: Honaker@SalazarJackson.com

By: /s/ Aaron P. Honaker
     Luis Salazar
     Florida Bar No. 147788
     Aaron P. Honaker
     Florida Bar No. 48749

## CERTIFICATE OF SERVICE

I hereby certify that on December 10, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all parties identified on the Service List attached to the original hereof, either via transmission of Notices of Electronic Filing generated by CM/ECF or electronic mail transmission as indicated thereon. I further certify that the foregoing document is being served this day by first class U.S. mail on those parties who are not registered to receive notices electronically and who have not otherwise provided an address for electronic mail transmissions.

          /s/   Aaron P. Honaker
          AARON P. HONAKER

**Mailing Information for Case 11-29148-EPK**

**Electronic Mail Notice List**

- **Becket and Lee LLP**   notices@becket-lee.com
- **Bruce E Bloch**   general@sblawfirmfl.com, bbloch@sblawfirmfl.com
- **Franck D Chantayan**   franck@chantayan.com
- **Robert P. Charbonneau**   rpc@ecccounsel.com, nsocorro@ecclegal.com;ecala@ecclegal.com;bankruptcy@ecclegal.com;jbetancourt@ecclegal.com
- **Kevin A Comer**   **bkfiling@consuegralaw.com**
- **Bertis A Echols**   bechols@evanspetree.com, belvert@evanspetree.com
- **Heidi A Feinman**   Heidi.A.Feinman@usdoj.gov
- Larry M Foyle   bankruptcynotices@kasslaw.com
- **Michelle Garcia Gilbert**   mgilbert@gilbertgrouplaw.com, tbaron@gilbertgroupLaw.com;omobley@gilbertgrouplaw.com;nmyles@gilbertgrouplaw.com;blockett@gilbertgrouplaw.com
- **Joe M. Grant**   jgrant@msglaw.com, efile@msglaw.com;mg197ecfbox@gmail.com
- **Nicole M Grimal**   ng@ecclegal.com, nsocorro@ecclegal.com;bankruptcy@ecclegal.com;ecala@ecclegal.com;jbetancourt@ecclegal.com
- **Aaron P. Honaker**   honaker@salazarjackson.com, lee-sin@salazarjackson.com
- **Mychal J Katz**   mkatz@ralaw.com
- **Carol A. Lawson**   calh@gate.net
- **Andrew V Layden**   alayden@bakerlaw.com, OrlBakerDocket@bakerlaw.com;jdriggers@bakerlaw.com
- **Joe M Lozano**   notice@bvwlaw.com
- Nicole M Mariani   bankruptcynotices@kasslaw.com
- **Adam D. Marshall**   AMarshall@MarshallGrant.com, efile@marshallgrant.com;mg197ecfbox@gmail.com
- **Kathleen S McLeroy**   kmcleroy@carltonfields.com, nkapadia@carltonfields.com;tpaecf@cfdom.net
- **Office of the US Trustee**   USTPRegion21.MM.ECF@usdoj.gov
- **Lawrence E Pecan**   lpecan@marshallgrant.com, efile@marshallgrant.com;mg197ecfbox@gmail.com
- **Craig A. Pugatch**   capugatch.ecf@rprslaw.com
- **Kevin A Reck**   kreck@foley.com, khall@foley.com
- **Luis Salazar**   salazar@salazarjackson.com, jackson@salazarjackson.com;aguilar@salazarjackson.com;Lee-Sin@SalazarJackson.com;pacetti@salazarjackson.com
- **Michael J Scaglione**   mscaglione@sqblaw.com, christina@sqlaw.com

Salazar Jackson, LLP    S|J    www.SalazarJackson.com

- Richard B. Storfer    rstorfer@rprslaw.com
- **Marta Suarez-Murias**    msuarez-murias@blesmlaw.com, sweser@blesmlaw.com
- **Allison D Thompson**    bkfiling@consuegralaw.com
- **Mark J Wolfson**    mwolfson@foley.com, jhayes@foley.com;KCavanaugh@foley.com
- **Brian P Yates**    general@sblawfirmfl.com, mmanganelly@gsarlaw.com;amfambrini@gsarlaw.com
- **George L. Zinkler**    gzinkler.ecf@rprslaw.com

## Manual Notice List

**Adam Kristol and Marcus & Millichap**
c/o Paul Mudrich
2626 Hanover St
Palo Alto, CA 94304

**Heartland Bank**
David A Skrobot
471 East Broad St
Suite 1810
Cols, OH 43215

**Sabah Motlani**
Apex International Brokerage
2939 Rolling Broak Dr
Orlando, FL 32837

**Philip C Rampy**
Olde Town Brokers Inc
11 N Summerlin Ave #101
Orlando, FL 32801

**Richard K. Stovall**
17 S High St #1220
Columbus, OH 43215